BENJAMIN B. WAGNER
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the United States



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHICAGO TITLE COMPANY, a California corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MATILDE VILLAREAL, an individual; UNITED STATES OF AMERICA ACTING BY AND THROUGH THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT; DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No. 1:12-cv-01217-AWI-JLT<br><br>**STIPULATION TO DISBURSE INTERPLEADED FUNDS AND DISMISS WITH PREJUDICE; AND ORDER** |

It is hereby stipulated by and between defendant United States acting on behalf of its agency, the Department of Housing and Urban Development ("United States"), defendant Matilde Villareal ("Villareal"), and plaintiff Chicago Title Company ("Chicago"), by and through their undersigned attorneys, as follows:

1.　On or about January 13, 2012, Chicago filed its Complaint in Interpleader ("Complaint") in Kern County Superior Court, Case No. S-1500-CV-275639, seeking to be discharged from all liability as to undisbursed funds in the amount of $63,558.35 ("Undisbursed Funds") arising from the foreclosure of certain real property located in Kern County on or about June 4, 2004, and held in escrow without interest. The Complaint named the United States and Villareal as the only defendants having an interest in the Undisbursed Funds. Chicago disclaimed any interest in the Undisbursed Funds, but seeks costs

1  and attorneys' fees as a result of the interpleader action. The United States removed the Complaint to
2  District Court pursuant to 28 U.S.C. § 1444.

3      2.    The United States asserts a claim to the Undisbursed Funds based upon a security interest
4  in the foreclosed property. Villareal asserts a claim to the Undisbursed Funds as the foreclosed owner of
5  the real property. Both claimants assert that Chicago did not exercise due diligence to contact them
6  regarding the existence of the Undisbursed Funds after the foreclosure on June 4, 2004, and that Chicago
7  should have placed the Undisbursed Funds in an interest bearing account pending resolution. Villareal
8  further asserts that she has been damaged by the acts or omissions of Chicago as a result of its handling
9  of the Undisbursed Funds and has filed a Counterclaim for Damages against Chicago. Chicago denies
10 all allegations against it and has filed a motion for order of discharge and award of attorney's fees in the
11 amount of $8,692.00.

12     3.    The parties wish to avoid the expense, risk and uncertainty involved in litigation over the
13 matters raised in the interpleader and instead wish to compromise and settle the claims as it relates to the
14 Undisbursed Funds.

15     4.    The parties agree that Chicago shall receive five thousand dollars ($5,000.00) as its
16 attorney's fees in this case to be paid from the Undisbursed Funds, and the United States shall receive
17 thirty thousand dollars ($30,000.00) from the Undisbursed Funds. The remaining balance twenty-eight
18 thousand five hundred fifty eight dollars and thirty-five cents ($28,558.35) plus any interest which may
19 have accrued since deposit with the Court shall be paid to Villareal, in full satisfaction of all liens and
20 claims to the Undisbursed Funds. Upon disbursement of the funds, the Complaint and the Counterclaim
21 for Damages shall be dismissed with prejudice.

22     5.    The United States, Villareal, and Chicago each release each other from any and all claims
23 (including unknown claims), demands, causes of action, actions, rights, liabilities, contract obligations,
24 damages, attorney's fees, costs, torts, suits, debts, sums of money, accountings, reckonings, bills,
25 covenants, controversies, agreements, promises whatsoever, at law or in equity or otherwise, whether
26 direct or indirect, known or unknown, which they now hold, or have at any time held, or may in the
27 future hold, against each other, which may be based upon any facts, acts, omissions, conduct, purchases,
28 representations, contracts, agreements, securities, events, causes or matters of any kind occurring or

1 existing at any time on or before the date of this Stipulation which in any way arises from or is related to
2 the Complaint in this case.

3     6. This stipulation is not, is in no way intended to be, and should not be construed as, an
4 admission of liability or fault on the part of the United States, Villareal, or Chicago, their agents,
5 attorneys, servants, or employees, and it is specifically denied that they are liable to each other.  This
6 settlement is entered into by all parties for the purpose of compromising disputed claims to the
7 Unclaimed Funds and avoiding the expenses and risks of further litigation.

8     7. It is also agreed, by and among the United States and Villareal, that the respective parties
9 will each bear their own costs, fees, and expenses and not in addition thereto.

10     8. The persons signing this stipulation warrant and represent that they possess full authority
11 to bind the persons on whose behalf they are signing to the terms of the settlement.  In the event any
12 plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the
13 settlement at their expense.

14     9. Payment of the stipulated amount of $5,000.00 to Chicago and shall be made to payable
15 to "Hershornin & Henry Client Trust Account" and sent to its attorney at the following address:

16  
    Chicago Title Company  
    Lori C. Hershorin, Esq.  
17     Olivier J. Labarre, Esq.  
    c/o Hershornin & Henry, LLP  
18     27422 Portola Parkway, Suite 360  
    Foothill Ranch, California  92610  
19

20     10. Payment of the stipulated amount of $30,000.00 to the United States shall be made
21 payable to United States Treasury and sent to the Office of the United States Attorney at the following
22 address:

23     United States Treasury  
    c/o United States Attorney  
24     2500 Tulare, Ste. 4401  
    Fresno, California  93721  
25

26 ///
27 ///
28 ///

11. Payment of the stipulated amount of $28,558.35 plus any interest which may have accrued since deposit with the Court shall be made payable to Matilde Villareal and Michael T. Whittington Client Trust Account at the following address:

> Matilde Villareal
> c/o Michael T. Whittington
> Attorney At Law
> 10000 Stockdale Highway, Ste. 380
> Bakersfield, California 93311

10. The parties agree that this stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the parties expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

11. The United States and Villareal expressly waive any rights or benefits available which they may have against each other under or pursuant to section 1542 of the Civil Code of the State of California, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The parties understand and agree that this Stipulation shall act as a release of future claims that may arise from the dispute in the Action, whether such claims are currently known, unknown, foreseen or unforeseen. The parties understand and acknowledge the significance and consequences of the specific waiver of section 1542 and hereby assume full responsibility for any injury, loss, damage or liability that may be incurred hereafter by reason of or related to the matters raised in the Action.

12. The parties fully understand, accept and assume the risk that the facts on which this Stipulation is executed may later be found to be different from facts now believed to be true, and the parties agree that this Stipulation shall remain effective, notwithstanding any such differences.

13. The United States makes no warranties, representations, promises and/or assurances of any type concerning the federal or state tax consequences, effects and/or implications concerning any of the matters referenced in this Stipulation, including, without limitation, the matters set forth in paragraph 4 above.

///

///

14. In consideration of the payment set forth in paragraph 4 above, the parties agree to execute and file with the Court all such documents as shall be necessary to cause the Undisbursed Funds to be paid and the case to be dismissed with prejudice. The parties further agree that the Court shall retain jurisdiction to enforce the Stipulation. To the extent any further documents are required to be executed to effectuate this Stipulation, each party agrees to execute and deliver such other and further documents as may be required.

15. Each party declares and represents that no promises, inducements, or other agreements not expressly contained herein have been made; this Stipulation contains the entire agreement between the parties; and the terms of this Stipulation are contractual and not mere recitals.

16. The parties represent that they have thoroughly read, know and understand the contents herein; they have executed this Stipulation voluntarily; they have not been influenced by any person or attorney acting on behalf of any party; and they understand that, after signing this Stipulation, they cannot proceed against any person whom they hereby release.

17. This Stipulation shall inure to the benefit of each party, her/its predecessors, successors, subsidiaries, affiliates, representatives, assigns, agents, officers, directors, employees, claimants pursuant to any applicable wrongful death or survival statute, and personal representatives, past, present or future.

18. It is expressly understood and agreed that this Stipulation may not be altered, amended, modified or otherwise changed in any respect, except by a writing duly executed by the party to be charged, and further that all prior oral understandings, agreements and writings are expressly superseded and are of no further force or effect.

19. This Stipulation may be duly executed by any party on any number of counterparts, all of which taken together shall be construed as one document.

///
///
///
///
///

The parties request the Court endorse this stipulation by way of formal order.

Dated: November 15, 2012       By:     /s/Michael T. Whittington
                                       MICHAEL T. WHITTINGTON
                                       Attorney for Defendant, Matilde Villareal


Dated: November 15, 2012               BENJAMIN B. WAGNER
                                       United States Attorney


                               By:     /s/Jeffrey J. Lodge
                                       JEFFREY J. LODGE
                                       Assistant United States Attorney
                                       Attorneys for the United States
                                       United States of America


Dated: November 15, 2012               HERSHORNIN & HENRY, LLP


                               By:     /s/Olivier J. Labarre
                                       OLIVIER J. LABARRE, ESQ.
                                       Attorneys for Plaintiff
                                       Chicago Title Company

## [PROPOSED] ORDER

The stipulation is approved. The Clerk shall pay $5,000.00 as costs and attorney fees to Chicago from the interpleaded funds as directed above. The Clerk shall pay $30,000.00 to the United States from the interpleaded funds as directed above. The Clerk shall pay the balance of the interpleaded funds ($28,558.35 plus any interest which may have accrued since deposit with the Court) to Villareal as directed above. Chicago is discharged from any further liability to any party to this action relating to the funds so deposited. Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure and the terms of the stipulation set forth above, the complaint and the Counterclaim for Damages are dismissed with prejudice.

Dated: _November 15_, 2012

_____
United States District Judge